UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00282-MR

| RONALD LEE PEAK, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| D. ALEXANDER, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 4].

**I.     BACKGROUND**

Pro se Plaintiff Ronald Lee Peak ("Plaintiff") is a pretrial detainee currently detained at the Transylvania County Detention Facility in Brevard, North Carolina. On or about November 14, 2024, he filed this action pursuant to 42 U.S.C. § 1983 against "Trooper D. Alexander," identified as a North Carolina Highway Patrol State Trooper, in his individual capacity only. [Doc. 1].

Plaintiff alleges as follows. On December 23, 2021, at approximately 11 a.m., Defendant Alexander arrested Plaintiff and transported him to Mission Hospital McDowell for a DWI blood test. [Id. at 5]. Once at the Hospital, Defendant McDowell led Plaintiff, who was in handcuffs, to a room to wait for medical personnel to conduct the blood test. As they waited, Plaintiff and Defendant Alexander argued "back and forth," but Plaintiff "never caused a threat [or] rose up" out of his seat. [Id.]. "[O]ut of nowhere [Defendant Alexander] lost it and put his hands around [Plaintiff's] neck [and] started choking [him]." Plaintiff "could barely breath." Defendant Alexander told Plaintiff that "[he doesn't] deserve to live." [Id.].

Plaintiff claims Defendant Alexander violated his rights under the First, Fourth, Eighth, and Ninth Amendments.[1] [Id. at 3]. For injuries, Plaintiff claims that he suffers from emotional and mental harm. [Id. at 7]. Plaintiff seeks monetary relief only. [Id. at 9].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A

---

[1] The Court will address those claims fairly raised by Plaintiff's Complaint.

the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, Plaintiff's Fourteenth Amendment excessive force claim survives initial review as not clearly frivolous. Plaintiff's allegations, however, do not implicate the First, Eighth, or Ninth Amendments and these claims will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Fourteenth Amendment excessive force claim survives initial review against Defendant Alexander. Plaintiff's remaining claims fail initial review and will

be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Fourteenth Amendment excessive force claim survives initial review against Defendant Alexander. Plaintiff's remaining claims are **DISMISSED**.

The Clerk is instructed to mail one (1) blank summons to Plaintiff to fill out and identify Defendant Alexander, and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on the Defendant. When the Court receives the summons from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendant.

**IT IS SO ORDERED**.

Signed: December 11, 2024

Martin Reidinger
Chief United States District Judge